IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TAMMY L. SPADER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-CV-00718-DGK-SSA |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Tammy L. Spader's applications for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including degenerative disc disease of the spine, osteoarthritis of the hips and left shoulder, obesity, and fibromyalgia, but she retained the residual functional capacity ("RFC") to perform a range of light work with certain restrictions. The ALJ ultimately found Plaintiff could work as a marker, office helper, and a photocopy machine operator.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs and SSI on March 21, 2020, and June 1, 2020, respectively, alleging a disability onset date of March 5, 2020, for both claims. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on October 28, 2021, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review in May 2022, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id*. In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id*. The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close."). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the Step Three, Four, and Five findings. Plaintiff argues the ALJ erred by: (1) not discussing whether Plaintiff's fibromyalgia met or equaled Listing 14.09D; (2) relying on her own observations when considering Plaintiff's subjective complaints; and (3) not requiring the vocational expert ["VE"] to provide a basis for the job numbers and failing to reconcile those numbers with the *Dictionary of Occupational Titles* ("DOT"). Plaintiff's arguments are all without merit.

**I.  Substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet or equal a medical listing.**

Plaintiff contends the ALJ erred by not discussing whether Plaintiff's fibromyalgia met or equaled Listing 14.09D. More specifically, she argues the ALJ never noted she applied Social Security Ruling ("SSR") 12-2p.

Plaintiff bears the burden of demonstrating that her impairments meet or equal a listing. *Schmitt v. Kijakzi*, 27 F.4th 1353, 1358 (8th Cir. 2022). This requires her to show an impairment meets "all of the listing's specified criteria." *Id*. at 1359 (quoting *Johnson v. Barnhart*, 390 F.3d

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

1067, 1070 (8th Cir. 2004)). In other words, "[a]n impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* (quoting *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). And in evaluating Plaintiff's listing arguments, it is not erroneous for the ALJ to fail "to explain why an impairment does not equal one of the listed impairments as long as the overall conclusion is supported by the record." *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011).

Although fibromyalgia is not a listed impairment, it is a chronic condition that "may be disabling." *Pirtle v. Astrue*, 479 F.3d 931, 935 (8th Cir. 2007) (citation omitted). SSR 12-2p governs the Commissioner's consideration of fibromyalgia, and identifies listing 14.09D, which covers inflammatory arthritis, as a possible equivalent. SSR 12-2P (S.S.A.), 2012 WL 3104869. Listing 14.09D requires Plaintiff to prove repeated manifestations of fibromyalgia that are medically equivalent to repeated manifestations of inflammatory arthritis, with at least two constitutional symptoms and a marked limitation of daily living, social functioning, or completing tasks. 20 C.F.R. pt. 404, subpt. P, app. 1 § 14.09(D).

The ALJ's Step Three analysis did not discuss Plaintiff's fibromyalgia or note she considered SSR 12-2P. *See* R. at 28–29. Plaintiff argues this omission constitutes reversible error. The Commissioner contends Plaintiff failed to carry her burden to establish her fibromyalgia meets or equals Listing 14.09D.

Plaintiff's argument is unpersuasive. The ALJ stated Plaintiff did not "introduce[] evidence or advance[] an argument supporting a conclusion that *any* of [her] impairments meet or medically equal a listed impairment." R. at 28 (emphasis added). And although not discussed at Step Three, the ALJ's opinion as a whole supports the conclusion that Plaintiff's fibromyalgia does not meet Listing 14.09D. Listing 14.09D requires Plaintiff to prove, in part, marked limitation of daily living, social functioning, or completing tasks. App. 1 § 14.09(D). The ALJ's

4

discussion of Plaintiff's functional areas at Step Two sufficiently address these issues. The ALJ found Plaintiff had no limitations when it came to: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or management herself. R. at 26–27. Even if the ALJ discussed Plaintiff's fibromyalgia at Step Three, the ALJ would not have found it met or medically equaled Listing 14.09D because Plaintiff does not have marked limitations of daily living, social functioning, or completing tasks.

Thus, any error at Step Three is harmless.

## II. Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints.

Plaintiff argues the ALJ failed to comply with the requirements of SSR 16-3p because she did not provide sufficient reasons for discounting Plaintiff's subjective reports about the intensity, persistence, and limiting effects of her impairments. Specifically, Plaintiff claims the ALJ rejected her subjective complaints solely based on personal observations.

SSR 16-3p states that an ALJ's RFC determination "must contain specific reasons for the weight given to the individual's [description of her physical impairments], be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's [description of her physical impairments]." SSR 16-3P, 2016 WL 1119029 at *9 (Mar. 16, 2016). In evaluating subjective complaints, an ALJ may consider objective medical findings as well as the claimant's treatment and daily activities. *See Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021); *Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022); *Wright v. Colvin*, 789 F.3d 847, 854 (8th Cir. 2015).

The ALJ summarized Plaintiff's description of all her physical impairments, and then noted Plaintiff's "conservative treatment, mild objective findings, and documented improvement indicate her impairments are not as significant as alleged." R. at 31.

5

As to the mild objective findings, the ALJ reviewed Plaintiff's medical records including multiple MRIs between 2018 and 2021, a cervical spine x-ray from 2019, multiple physical examinations between 2020 and 2021, and a rheumatology consultation in 2021. Common to these records were terms such as "mild" or "moderate," *see* R. at 348, 349, or findings showing no underlying medical issue, *see* R. at 524–25, 576, 581. The ALJ noted that these objective findings "fail[ed] to provide support for the claimant's allegations of disabling symptoms and limitations." R. at 31.

The ALJ also found Plaintiff's activities of daily living were inconsistent with her allegations regarding the intensity, severity, and limiting effects of her impairments. The ALJ noted Plaintiff "provides for her own personal care with minimal difficulties, washes dishes, takes care of her grandchildren, does her laundry, cleans, prepares meals, drives, shops, watches television, plays games on her phone, and manages her own finances." R. at 31.

In August 2020, Plaintiff had a consultative evaluation that found she had "no limitation on her ability to stand, sit, walk, bend or stoop, reach, handle, lift, carry, see, hear, or with memory or understanding." R. at 32, 504. The ALJ found Plaintiff's consultative evaluation consistent with the objective findings and Plaintiff's wide range of daily activities. R. at 32.

These are clearly articulated, specific reasons why the ALJ discounted Plaintiff's allegations, and they are supported by evidence in the record. Further, the ALJ specifically noted—as reflected in her well-reasoned opinion—that she did "not accept or reject claimant's subjective complaints solely on personal observations." R. at 31. As such, the ALJ complied with SSR 16-3p and did not err at Step Four.

### III. Substantial evidence supports the vocational expert's testimony.

Plaintiff argues the VE's opinion is not supported by substantial evidence because she did not affirmatively provide a basis for the job numbers, and the ALJ failed to address an apparent conflict between the VE's job numbers and the DOT.

Plaintiff's first argument is without merit. Plaintiff cites no controlling authority, and the Court cannot find any, for her proposition that the VE has an affirmative duty to identify the basis or methodology used to calculate the number of jobs available in the national economy. More importantly, Plaintiff could have challenged the VE's methodology on cross-examination but chose not to do so. *See* R. at 81–83. Plaintiff's post hoc complaint that the VE's methodology was not disclosed is unavailing.

Plaintiff's second argument is equally unpersuasive. Under Social Security Ruling 00-4p, before an ALJ can rely on VE evidence, they "must identify and obtain a reasonable explanation for any conflicts between such evidence and the DOT." *Courtney v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 1000, 1003 (8th Cir. 2018) (cleaned up). But SSR 00-4p does not "place[] an affirmative responsibility on the ALJ to inquire further when a VE merely testifies to information not included in the DOT, but that does not conflict with it." *Id.* Here, the DOT does not contain job numbers. Thus, as a practical matter, there can be no conflict between the VE's job numbers and the DOT that would require further inquiry by the ALJ.

Accordingly, the ALJ did not err at Step Five.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

Further, Plaintiff's motion for summary judgment, ECF No. 12, and Defendant's motion to strike Plaintiff's motion for summary judgment, ECF No. 16, are both DENIED AS MOOT.

**IT IS SO ORDERED.**

Date: January 2, 2024                                  /s/ Greg Kays
                                                       GREG KAYS, JUDGE
                                                       UNITED STATES DISTRICT COURT